UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WAYNE ANTHONY RAY                                                       Plaintiff

v.                                               Civil Action No. 3:19-cv-P698-RGJ

COMMONWEALTH OF KENTUCKY                            Defendant

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on initial review of Plaintiff Wayne Anthony Ray's *pro se* complaint (DN 1) and amended complaint (DN 6) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff, a convicted inmate at the Kentucky State Reformatory, filed his complaint on a form for filing a civil-rights action pursuant to 42 U.S.C. § 1983. He names the Commonwealth of Kentucky as Defendant. In the Statement of Claims section of the complaint form, Plaintiff writes, in toto, "Opinion – Memorandum Opinion of the court by Justice Jones, Affirming." As relief, Plaintiff seeks compensatory damages, "injunctive relief by duration of imprisonment," and release from illegal detention.

The amended complaint is identical to the complaint. To the amended complaint, however, Plaintiff attaches thirty-nine pages of primarily case law.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Here, Plaintiff's complaint and amended complaint are devoid of any facts and, therefore, fail to state a claim upon which relief may be granted.

Further, the Commonwealth of Kentucky is not a "person" subject to suit under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and the Eleventh Amendment bars it from suit. *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 599 (6th Cir. 2016).

### III.

For the foregoing reasons, the action will be dismissed by separate Order.

Date: April 16, 2020

*Rebecca Grady Jennings, District Judge*
United States District Court

cc: Plaintiff, *pro se*
A961.005

3